**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

**July 16, 2026**

# In the Court of Appeals of Georgia

A26A1071. CALL v. THE STATE.

PADGETT, Judge.

Nathan Call was charged with the offenses of obstruction of a law enforcement officer (misdemeanor grade), interference with government property (felony) and giving false information to a law enforcement officer (misdemeanor) via an accusation.[1] A jury found Call guilty of all offenses and he was sentenced by the trial court. Call filed a timely motion for new trial which was denied. He appeals from that denial.

Call argues that the evidence was insufficient to sustain the guilty verdicts returned by the jury. We disagree, but find that the conviction for interference with

---

[1] OCGA §§ 16-10-24(a); 16-7-24(a); and 16-10-25 respectively.

government property must be reversed for a reason other than sufficiency of the evidence.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence." *Rodriguez v. State*, 375 Ga. App. 283, 283 (916 SE2d 10) (2025) (punctuation omitted). Viewed in that light, the record shows that a deputy with the Whitfield County Sheriff's Office observed a vehicle with no tag light cross the center line of a public road at night and executed a traffic stop on the vehicle. Call was a passenger in the vehicle. The officer requested and obtained identification from the driver of the vehicle and then asked Call whether he had any form of identification. Call indicated that he did not have any identification on his person but verbally provided a false name and date of birth to the officer. The officer attempted to verify Call's identity on the computer in his patrol vehicle but no record matching the information provided by Call was found. Call had appeared very nervous during his initial interaction with the officer and when the computer check met with no response, the officer requested a backup officer report to the scene. The officer then returned to the vehicle and asked Call to clarify the information that the officer had written

down, to ensure the officer had not incorrectly written the information provided by Call. After ensuring he had written the information correctly, the officer confronted Call and asked whether Call had provided a false name to the officer. In response, Call opened the car's door and fled on foot.

The officer chased Call, using his radio to provide his location and a description of Call. Another officer intercepted Call and the two officers were able to detain him and place him in handcuffs. Call resisted being placed into the rear of the patrol vehicle. The officers eventually got Call into the patrol car and the officer who initiated the traffic stop returned to the driver of the stopped vehicle to explain what was happening. While speaking with the driver, the officer could hear Call yelling and kicking the patrol vehicle.

While en route to the jail, Call was kicking the doors in the patrol vehicle so hard that he actually caused the vehicle to swerve while in motion. Call also headbutted the doors and the plastic guards to the windows, causing his head to bleed. Upon arriving at the jail, the officer noted broken plastic pieces and that the rear door to the patrol vehicle was bowed in a manner that made it difficult to close. The patrol vehicle had to be taken out of service for repairs.

1. Call argues on appeal that there was insufficient evidence to support the convictions for giving a false name and interference with government property. When evaluating a challenge to the sufficiency of the evidence, "we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt." *Beamon v. State*, 348 Ga. App. 732, 737(3) (824 SE2d 624) (2019) (punctuation omitted).

Call argues there was insufficient evidence presented at trial to show that the officer who asked for his name and date of birth was acting within the lawful discharge of his duties at the time of the request. However, this argument is unavailing.

An essential element of the crime of giving a false name to a law enforcement officer is the requirement that the encounter between the officer and the individual involve the "official duties" of the officer. *Shumate v. State*, 372 Ga. App. 807, 809(1) (906 SE2d 885) (2024) (punctuation omitted). Our Supreme Court has held that identification checks of both drivers and passengers are generally permitted as an officer safety measure during a traffic stop. *State v. Allen*, 298 Ga. 1, 11–13(2)(c) (779 SE2d 248) (2015). The officer's request for identification from Call, the passenger of

a vehicle lawfully stopped, was therefore part of the mission of the traffic stop. See id. When Call elected to give false information to the officer who was in the lawful discharge of his duties, he committed a crime. The evidence produced at trial was sufficient to support the conviction for a violation of OCGA § 16-10-25; *Smith v. State*, 294 Ga. App. 761, 763 (669 SE2d 735) (2008).

The evidence also authorized the jury to find, beyond a reasonable doubt, that Call damaged government property when he kicked and headbutted the patrol car in a manner that broke the plastic protective barriers to the car's windows and bowed the rear door of the vehicle. See OCGA § 16-7-24(a); *Meeker v. State*, 282 Ga. App. 77, 79(1) (637 SE2d 806) (2006). The officer who initiated the traffic stop testified to these facts, and the events of that evening were captured on video recordings which were played for the jury.

Call acknowledges that we have previously held that "[d]amaging a police vehicle by kicking and butting one's head against the door and window until the door [and window are damaged] suffices for a conviction." *Weldon v. State*, 262 Ga. App. 854, 854(1) (586 SE2d 741) (2003). However, Call argues that because there were not

adequate photos or any body shop repair reports admitted into evidence, the evidence was insufficient to establish exactly what damage was done to the patrol car.[2] .

Call's argument overlooks the plain directive of OCGA § 24-14-8. Under this statute, the testimony of a single witness is generally sufficient to establish a fact except in circumstances not applicable to this case. See *Scott v. State*, 309 Ga. 764, 766(1) (848 SE2d 448) (2020). "[T]he lack of corroboration with physical evidence only goes to the weight of the evidence and the credibility of the testifying witness, which are solely within the purview of the jury." Id. at 767(1) (citation modified). The officer testified that a plastic piece that protects the glass of the vehicle was cracked. The officer also testified that there was a two-inch gap between the door and the body of the patrol vehicle that allowed rain to enter the interior of the vehicle. He further testified that the damage to the rear door prevented the front door of the vehicle from operating properly. Finally, the officer testified that he had inspected the vehicle prior to Call's arrest and that the damage existing after he delivered Call to the jail was not present before Call was placed in his patrol vehicle. The officer's testimony was

---

[2] Prior to trial, Call argued that because he received photos and reports from the body shop that repaired the patrol vehicle less than ten days before trial, the trial court should exclude the evidence. The State agreed to go forward with trial and not introduce the photos and other documentation relating to the damage and repairs.

sufficient evidence from which the jury could find Call guilty of interference with government property beyond a reasonable doubt.

2. We take note that the State's briefing with this Court exhibits a level of ethical conduct that is laudable. Lawyers are expected to not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel[.]" Georgia Rules of Professional Conduct, Rule 3.3(a)(3), found in Ga. Bar Rule 4-102(d). The lawyers representing the State in this appeal complied with their ethical mandate and noted an issue that was not raised by opposing counsel which requires a reversal of Call's conviction for interference with government property. Lawyers are expected to simultaneously be both zealous advocates and officers of the court. The lawyers representing the State in this appeal fulfilled their professional obligations as officers of the court and are commended for their candor.[3]

In its brief, the State noted that because Call was charged with the felony crime of interference with government property via an accusation, the trial court was

---

[3] Benjamin Kenemer, District Attorney and Mark Higgins, Jr., Assistant District Attorney, represented the State in this appeal.

without jurisdiction to proceed with the trial of the case. As a result, the State explained that the conviction for that offense must be reversed.

The State is correct. OCGA § 17-7-71(a) provides that a defendant may be tried on an accusation framed and signed by the prosecuting attorney for all misdemeanor offenses. The accusation charged Call with two misdemeanor offenses, obstruction of an officer and giving false information to a law enforcement officer. The accusation charging Call with those two offenses met the requirements of OCGA § 17-7-71(a). See *Martinez v. State*, 322 Ga. App. 63, 64(1)(a) (743 SE2d 621) (2013).

However, the felony offense of interference with government property required the State to comply with the provisions of OCGA § 17-7-70 in order to try Call on an accusation instead of an indictment. See OCGA §§ 17-7-70 and 17-7-70.1.[4] Had Call expressly waived indictment in writing and with the assistance of counsel, the case could have proceeded to trial via an accusation. However, in the absence of a written waiver of indictment, the felony offense of interference with government property had to proceed to trial on an indictment as opposed to an accusation. See *Brackins v. State*,

---

[4] Interference with government property is not among the offenses listed in OCGA § 17-7-70.1 which authorizes enumerated felony offenses to proceed on an accusation where there has been a finding of probable cause at a commitment hearing or where a commitment hearing has been waived. See OCGA § 17-7-70.1(a).

249 Ga. App. 788, 789–90(2) (549 SE2d 775) (2001). Therefore, because the record does not include any written grand jury waiver by Call, the conviction for interference with government property is void and must be reversed. See id. at 790(2); *Martinez*, 322 Ga. App. at 65(1)(b).

Because the superior court lacked jurisdiction over the offense of interference with government property, the prosecution of the offense before that court is void and without effect. *Mayo v. State*, 277 Ga. 645, 646(2) (594 SE2d 333) (2004); *Armstrong v. State*, 281 Ga. App. 297, 299 (635 SE2d 880) (2006). However, further prosecution of Call for the offense of interference with government property is not barred on the basis of double jeopardy. See *Mayo*, 277 Ga. at 647 (Carley, J., concurring); *Armstrong*, 281 Ga. App. at 299.

*Judgment affirmed in part and reversed in part. McFadden, P. J., and Watkins, J., concur*.